(139 So. 300)

**IRWIN v. STATE.**

8 Div. 333.

Court of Appeals of Alabama.

Jan. 19, 1932.

Wm. L. Chenault, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This cause is here submitted on motion to establish a bill of exceptions and on merits.

It affirmatively appears that the necessary prerequisites to the motion have been complied with; and it further appears that the evidence in support thereof necessitates an order by this court establishing the bill of exceptions as prayed. The motion is therefore granted, and this appeal will be considered upon the bill of exceptions thus established. Supreme Court rule 40. Section 6437, Code 1923.

This appellant was charged by affidavit with the offense of violating the prohibition law by having whisky in his possession. No exceptions were reserved pending the trial. The refusal by the court to give the general affirmative charge for defendant and the action of the court in overruling his motion for a new trial are the two points of decision upon which this appeal is rested. The main inquiry is the sufficiency of the evidence; the contention being that the accused under all the evidence was entitled to the affirmative charge. After an attentive consideration of all the evidence, we have reached the conclusion that the state failed to meet the burden of proof necessary to a conviction. There is a total lack of any evidence tending to show that this appellant was in possession of prohibited liquors on the occasion complained of. The mere finding of two jugs of whisky in a small pond through which the accused had passed is not sufficient proof that the jugs were ever in the possession of appellant. The evidence on this question, without conflict, shows conclusively to the contrary. Under the whole evidence, the defendant should have been acquitted; therefore the action of the court in refusing the affirmative charge, which was requested in writing, was error necessitating the reversal of the judgment of conviction from which this appeal was taken. It is so ordered.

Reversed and remanded.